1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND GAMBOA,

        Plaintiff,

   v.

KING COUNTY, *et al.*,

        Defendants.

CASE NO. C06-1034RSM

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND EXTENDING DISPOSITIVE MOTION DEADLINE

    This matter comes before the Court on defendants' Motion for Protective Order. (Dkt. #25.) Plaintiff brought the instant 42 U.S.C. § 1983 civil rights action against defendants following his arrest wherein defendants allegedly subjected plaintiff to excessive force. (Dkt. #8, Pl.'s Amended Compl.) Defendants now move for a protective order precluding plaintiff from conducting the depositions of Officer Jason Houck ("Officer Houck"), a defendant in this case, and Officer Brian Bonnar ("Officer Bonnar"). Defendants argue that plaintiff failed to provide defendants with reasonable notice under Fed. R. Civ. P. 30(b)(1). Plaintiff responds that notice was reasonable under the circumstances.

    Having reviewed the relevant motion, response, reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

    (1) Defendant's Motion for Protective Order (Dkt. #25) is GRANTED IN PART. Fed. R. Civ. P. 30(b)(1) provides in pertinent part that "[a] party who wants to depose a person must give *reasonable written notice* to every other party. The notice must state the time and place of

the deposition and, if known, the deponent's name and address." *Id.* (emphasis added).  What constitutes reasonable notice depends on the circumstances of each case.  *See Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1989).[1]  Commonly, courts find that notice of at least five days is sufficient for a party's deposition.  *See, e.g.*, *Paige v. Commissioner*, __ F.R.D. __, 2008 WL 360830, *3 (C.D. Cal. Jan. 18, 2008) (finding that fourteen days' notice was reasonable); *see also Jones v. United States*, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (holding that eight days' notice was reasonable); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) ("[T]en business days' notice [of a depsoition] would seem to be reasonable").  One court has even found that notice of less than five days was reasonable given the circumstances.  *See Natural Organics v. Proteins Plus, Inc.*, 724 F. Supp. 50, 52, n.3 (E.D.N.Y. 1989) (noting that one-day notice was reasonable because the parties were on an expedited discovery schedule, the need for a deposition arose suddenly, and deposition was conducted over the telephone).  However, even notice of five days or more can be unreasonable, especially if a party knows that opposing counsel contests the taking of the deposition.  *See In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999).

In the instant case, plaintiff provided notice of the depositions at issue on January 3, 2008, one business day prior to the discovery deadline.  (*See* Dkt. #22.)  Plaintiff's counsel indicates that notice was nevertheless reasonable because he had contacted opposing counsel in mid-December to schedule the depositions but that defense counsel did not provide plaintiff with a firm date regarding the deposition of Officer Bonner.  (*See* Dkt. #26, Decl. of Scannell at 1.)  Furthermore, plaintiff's counsel indicates that when he contacted defense counsel on January 2 about the Officer Bonner's deposition, defense counsel did not honor plaintiff's counsel's request.  (*Id.*)  Plaintiff's counsel, in his one page response to defendants' motion, also urges the Court to "not promote form over substance in this situation."  (Dkt. #28 at 1.)

However, these circumstances do not warrant a finding of reasonableness.  For example,

---

[1] Notably, both parties only cited the rule to support their arguments.  Neither party cited *any case law* to support their positions.

ORDER
PAGE - 2

by plaintiff's counsel own admission, he indicates that "[o]pposing counsel said he could schedule Officer Houck on January 4, 2008 at 9:00 a.m." in mid-December. (Decl. of Scannell at 1.) Yet a notice of deposition was never sent out at that time. Additionally, plaintiff's counsel admits that he only "tried on one occasion to leave a message . . . to have [defense counsel] get back to me on Bonner, but I did not receive a response." (*Id.*) But leaving only one message for a deposition that plaintiff's counsel alleges is central to his case with a discovery deadline fast approaching is inexcusable. This case began in July of 2006, and the initial order setting the trial date and related dates was issued on February 28, 2007. (Dkt. #20.) Plaintiff's counsel has had sufficient time to schedule the depositions at issue, but waited until one business day prior to the discovery deadline to send the notice. Under these circumstances, notice is unreasonable.

The Court finds, however, that plaintiff's counsel dilatory conduct does not prejudice his client or his ability to prepare for trial with respect to issues surrounding the circumstances of plaintiff's arrest. As defendants indicate, plaintiff was involved in an underlying criminal trial in King County Superior Court wherein plaintiff was represented by the same counsel as the instant case. (Dkt. #29 at 1.) During those proceedings, Officer Houck and Officer Bonnar were subjected to questions regarding the circumstances and basis for the stop of plaintiff, as well as the actions during and following plaintiff's arrest. (Dkt. #30, Decl. of Kinerk, ¶ 4.) Defendants ultimately provided plaintiff with a complete copy of the pre-hearing and trial transcripts of the underlying criminal proceeding in their initial disclosures. (*Id.* at ¶ 5.) Therefore to the extent that plaintiff's counsel argues that such depositions would promote form over substance, the Court finds that these transcripts ameliorate such concerns.

Nevertheless, the Court does find compelling plaintiff's counsel's statement that "[a]fter the original criminal trial, I discovered that faxes sent by the defendants to the Department of Motor Vehicles requesting that my client's license be suspended came in late . . . [t]his delay could corroborate my [client's] testimony that the officers made up the DUI charges after the fact." (Decl. of Scannell at 2.) Plaintiff's counsel also indicates that "after trial my client discovered that the officers had not reported the punching out of his license to DMV . . . [t]his

ORDER
PAGE - 3

1  would also corroborate his testimony that the officers manufactured the DUI charges to cover
2  the fact that they had used excessive force." (*Id*.) Furthermore, defendants seem amenable to
3  conducting discovery on this issue, indicating that "[i]f the Court is inclined to allow either or
4  both officers' depositions after the existing discovery deadline, then the deposition(s) should be
5  limited to the issue surrounding plaintiff's driver's license only." (Dkt. #29 at 2-3.)

6  Therefore in the interest of justice, the Court finds that the depositions of Officer Houck
7  and Officer Bonnar are permitted with respect to this issue. The parties are directed to agree on
8  a mutually agreeable time to conduct the deposition of Officer Jason Houck and Officer Brian
9  Bonnar. The depositions are to occur <u>no later than twenty-one (21) days from the date of this
10 Order</u>. The depositions shall be strictly limited to issues regarding plaintiff's driver's license
11 only.

12  (2) The Court shall extend the dispositive motion deadline to April 4, 2008. The Court
13 notes that defendants have filed a partial summary judgment motion prior to the close of the
14 existing dispositive motion deadline which was previously set for February 12, 2008. Defendants
15 noted this motion for March 7, 2008. In light of this ruling, plaintiff is free to move for leave of
16 the Court to extend the noting date of this motion if he so chooses given the potentially new
17 information produced by the depositions at issue.

18  (3) The Clerk is directed to forward a copy of this Order to all counsel of record.

20  DATED this 22nd day of February, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4